[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11775
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A098-677-708,
A098-677-709

ARELIS ESTHER GALARRAGA DE AGUILAR,
CARLOS ALBERTO AGUILAR GALARRAGA,
CARLOS EDUARDO AGUILAR GALARRAGA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 2, 2009)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Arelis Esther Galarraga de Aguilar, a native and citizen of Venezuela, petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen her removal proceedings. She acknowledges she filed her motion to reopen more than 90 days after her removal order became final.[1] Nevertheless, she argues she was exempt from the 90-day filing deadline because she presented sufficient material evidence of changed country conditions. After review, we deny Galarraga's petition for review.[2]

The 90 day time limit "do[es] not apply when (1) an alien files a motion to reopen that seeks asylum, withholding of removal, or [CAT] relief . . . ; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (citing 8 C.F.R. § 1003.23(b)(4)(i)). "An alien who attempts to show that the evidence [of changed country conditions] is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the

---

[1] An alien who is subject to a final order of removal and wishes to reopen the proceedings must file the motion to reopen within 90 days of the date on which the removal order became final. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

[2] We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Id.* Motions to reopen are disfavored, especially in removal proceedings. *Id.*

new evidence would likely change the result in the case." *Id.* at 1256-57.

In support of her motion to reopen, Galarraga submitted affidavits describing several incidents in which members of the Bolivarian Circles allegedly told Galarraga's relatives they intend to kill her or try her for treason if she returns to Venezuela. These incidents are consistent with her allegations in the original asylum proceedings that she had received death threats, but they do not indicate an intensification of the Bolivarian Circles' efforts to persecute and threaten either Galarraga individually or President Hugo Chavez's opponents generally. Galarraga has presented no other record evidence of new policies or of intensification of existing policies.[3] Thus, she has failed to show the BIA erred in concluding she had not demonstrated changed country conditions.

Galarraga also asserts she should not be required to prove the new evidence would likely change the result in the case. *Jiang* foreclosed this argument, and Galarraga does not offer any alternative argument she met the required burden. *See Jiang*, 568 F.3d at 1256-57. Accordingly, she has failed to demonstrate the BIA erred in concluding she could not meet her burden of proof of materiality.

**PETITION DENIED.**

---

[3] Galarraga also discusses reports in her brief that are not in the record and were never mentioned to the BIA. Her argument with respect to those reports is not properly before this Court. *See De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 n.1 (11th Cir. 2006) (stating an argument based on documents not contained in the record is not properly before this Court); *see also* 8 U.S.C. § 1252(b)(4)(A).